## PORTER v TOLEDO WIMSETT FINANCE & THRIFT CO

Ohio Appeals, 6th Dist, Lucas Co

No 2701. Decided Jan 16, 1933

George A. Bassett, Toledo, for plaintiff in error.

Farber & Cochrane, Toledo, for defendant in error.

RICHARDS, J.

This action was brought against the Finance and Thrift Company and was tried on a second amended petition charging that company with unlawfully converting an automobile to its use. The trial resulted in a directed verdict for the defendant.

The case has been in this court before and the opinion may be found in **38 Court of Appeals Opinions, Sixth District, unreported, page 143.** On the first trial the plaintiff recovered a verdict and judgment for $350.00, which judgment was reversed for the reason that it was manifestly against the weight of the evidence.

The defendant company held a chattel mortgage on the car in the amount of $156.00 besides interest. It had brought a replevin suit and recovered possession of the car but upon the replevin suit being dismissed it continued to hold the car under the terms of the chattel mortgage. This it was entitled to do as the mortgage was in default and the provisions of the mortgage gave the mortgagee the right to have possession under such circumstances. Thereafter, without notice to the mortgagor, it sold the automobile at private sale pursuant to the provisions of the chattel mortgage for $85.00, to one of its employes. Evidence had been introduced on behalf of the plaintiff tending to show that the fair cash value of the car was from $300.00 to

$400.00. As the mortgagee was not bound to sell the car immediately on taking possession, and as the possession of the mortgagee after default was lawful, we hold that the time for ascertaining the value of the car was the time of the sale. As was held in **Armstrong v McAlpin, Hinman & Co., 18 Oh St, 184,** the test to be applied to a sale of this character is whether the sale was fair and reasonable and the price what could be reasonably expected. See also **Clark v The Studebaker Corp., 35 Oh Ap, 54, (7 Abs 428; 7 Abs 651).** This was a question of fact to be determined by a jury and this court is of the opinion that a directed verdict was not justified.

Judgment reversed and cause remanded for a new trial.

LLOYD and WILLIAMS, JJ, concur.