**MUTUAL FINANCE CO. v HOLIAN**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 18197. Decided Sept 22, 1941

Griswold, Green, Palmer & Kapp, Cleveland, for plaintiff-appellant.

A. T. Klein, Cleveland, for defendant-appellee.

## OPINION

By SKEEL, J.

The facts in this case concern the exercise of the power of sale vested in the mortgagee by the terms of a certain chattel mortgage authorizing such sale after a default by a mortgagor either in payments provided for by the mortgage note, or in the covenants of the mortgage.

On April 6, 1940, defendant-appellee purchased from The Edgewater Chevrolet, Inc., a 1935 Chevrolet used coupe. The purchase price was $245.00, which with the sales tax, certificate of title and transfer expenses, made a grand total of $258.70. Defendant paid $58.70 by turning over an old car, and/or by cash and the balance was financed by a note and mortgage. The charges for sixteen months financing, which included insurance, was $69.28,

which was added to the balance due on the purchase price and the mortgage note was made out for the total sum of $269.28 payable in sixteen monthly installments of $16.82 each. This mortgage and note, immediately upon execution, was transferred by The Edgewater Chevrolet, Inc., to the plaintiff-appellant, The Mutual Finance Company.

The defendant used the car for about six weeks. While in his possession he made some repairs that enhanced the value of the car. At the end of six weeks he became ill and found he would be unable to pay the mortgage notes as they came due; the first note being then in default. He thereupon called on the finance company and requested an extension of time to pay the first note, which was refused, and so he surrendered to them possession of the car. Thereupon the plaintiff attempted, by making three or four telephone calls to certain used car dealers, to find a purchaser, acting in the making of such sale under the power contained in the mortgage and did sell such car to one Haders for $135.00. This action was then instituted for the deficiency between the amount received on the sale and the balance then due on the mortgage note, which was about $125.00.

The defense of the mortgagor, appellee herein, was that the property had not been fairly sold; that if the plaintiff had performed its full duty in making said sale, more than enough would have been realized to cancel the balance due on the mortgage and note.

The plaintiff contends that because the defendant assigned the certificate of title in completing the sale to the purchaser developed by the plaintiff the sale was made in fact by the defendant. The evidence does not, in the slightest degree, support this contention. The sale of the automobile in question was made by the plaintiff appellant under the power of sale contained in the mortgage. Although until the mortgagor's equity of redemption has been legally cut off by a valid sale, he has the right to deal with his

interest in the property, either by sale or otherwise, so long as he does not invade the rights of the mortgagee, he did not attempt to exercise such right in this case. We find no error in the court's charge on this point.

Next we come to a consideration of the mortgagee's conduct in making the sale.

Where a mortgagee sues to recover a deficiency on a chattel mortgage, after having sold the property secured by the mortgage, the sale being made under the authority contained in the mortgage, and without judicial sanction, the mortgagor challenging the fairness of such sale, the burden is upon the mortgagee to show that he has performed his full duty for the mortgagor in getting the best price obtainable.

5 Ruling Case Law 570, par. 104:

"However, if the sale is attacked, the burden is on the mortgagee to show that the sale was fairly conducted and the price obtained was not so inadequate as to raise a presumption of bad faith."

The plaintiff's activities in offering the car for sale, consisted of three or four telephone calls to used car dealers who entered bids for the car on what they termed a wholesale basis. The plaintiff's own evidence discloses that the car had a market value considerably in excess of what was realized by the sale. In fact, Haders whose only purpose in buying the car was for resale purposes, disposed of it in a very few days for $195.00. This purchaser was secured by placing a single advertisement in a newspaper.

Defendant testified that the car, at the time the plaintiff offered it for resale, was reasonably worth about $270.

We have for consideration therefore the single question as to whether or not the mortgagee, who, by the terms of the mortgage, was authorized to sell the mortgaged property either at public or private sale, with or without notice, upon default or breach of condition by the mortgagor, fully discharged his obligation to the mortgagor to act fairly and reasonably in conducting such sale when he entirely disregarded the retail market and offered the car for sale only to dealers in used automobiles. We think not.

The duty of a mortgagee in exercising the power of sale provided for in the mortgage, is to act in good faith, in absolute fairness and use every reasonable means at his disposal to obtain the full value of the mortgaged property.

Upon the evidence in this case, the jury was entirely warranted in coming to the conclusion that the mortgagee did not conduct this sale in such a manner as to reasonably protect the interests of the mortgagor, and that if proper steps had been taken by the mortgagee, enough would have been realized to avoid any deficit.

Therefore, a verdict in favor of the defendant is fully supported by the evidence and will not be disturbed.

The judgment is affirmed.

LIEGHLEY, PJ., MORGAN, J., concur.