**FIRST DISCOUNT CORPORATION, Appellant v. DAKEN, Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6421. Decided November 13, 1944.

530

Mr. Cedric Vogel, Cincinnati, for appellant.
Mr. Lawrence B. Swartz, Cincinnati, for appellee.

## OPINION

BY THE COURT:

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County, affirming a judgment of the Municipal Court of Cincinnati, entered in conformity to the verdict of a jury in favor of the defendant on his cross-bill of particulars.

The plaintiff brought an action against the defendant to recover on a note executed by the defendant. The amount claimed was $260.65, with interest and costs. A statement of defense and cross-bill of particulars was filed by the defendant in which the defendant as defense to payment of the note charges that he executed the note sued upon and a chattel mortgage upon an automobile to secure the payment of such note; that the plaintiff mortgagee took possession of such automobile by virtue of the terms of such mortgage upon default in payments upon said note, and sold the same, without notice to defendant, at private sale, "without exercising good faith in said sale, and for a sum, and with a total disregard of defendant's rights therein, at a price far below the market value of said automobile at the time, which price was wholly unfair and unreasonable." Defendant further alleged that if plaintiff had sold such automobile at a fair and reasonable price, plaintiff would have received enough to discharge the obligation of defendant upon such note.

In his cross-bill of particulars, defendant makes substantially the same allegations as to the lack of good faith of the plaintiff mortgagee in the sale of the automobile, alleging that the automobile was sold for the sum of $450.00, and that the "actual market value" of said automobile at the time of sale was $800.000," and that he was damaged in the amount of $350.00, for which amount defendant prayed judgment. (1) The statute, §1558-12 GC, does not require a reply in the Mu-

nicipal Court of Cincinnati. No reply was filed by the plaintiff.

(2) Rule XIV of the Municipal Court of Cincinnati, however, provides in part: "In first class cases affidavits of reply shall be filed on or before the fifth day after rule day for statement of defense."

(3) The cross-bill of particulars praying for a sum in excess of $300.00 caused this case to be a first class case, certainly as long as the cross-bill of particulars praying for affirmative relief, within the purview of such first class case, remained upon the files of the Court. See: §11583 GC; **Kimmel v Pratt, 40 Oh St 344; Alflen v McClenaghan, et al, 32 Oh Ap 43, 50, 29 Ohio L. Rep., 159; Bryant v Swetland, et al., 48 Oh St 194, 208.**

Rule II of the Rules of Practice of the Municipal Court of Cincinnati defines a first class case to include one in which the amount sought to be recovered exceeds $300.00.

(4) However, the case was tried as if a reply had been filed by plaintiff. The allegations of the cross-bill of particulars were taken to be denied and the defendant did not reply upon the failure of plaintiff to deny the allegations therein. The case will be considered by this Court, therefore, as if a reply had been filed to the cross-bill of particulars, denying the allegations thereof adverse to plaintiff, especially as the absence of a reply would not be prejudicial to the plaintiff. **Northern Ohio Power Light Co. v Smith, 126 Oh St 601.**

By so holding, however, it is not to be inferred that there may not be instances in which failure to comply with the rules of practice in the Municipal Court may not be decisive of the issues presented to this Court, **§1558-27 GC**, non constat.

It appears from the evidence that the plaintiff mortgagee took possession of the mortgaged automobile by virtue of the terms of a mortgage permitting repossession and public or private sale, with or without notice, and that the mortgagee could be a purchaser at such sale. The mortgagee communicated only with four dealers in automobiles and sold to the highest bidder at private sale. There is evidence that the price paid was far below the fair retail market value of such a used car.

There are no rules of law requiring any specific acts by a mortgagee selling mortgaged property by virtue of the enabling provisions of the mortgage contract. The law is very general in its requirements. The defendant alleges that the plaintiff acted in bad faith in the manner in which it conducted the sale of the automobile.

The defendant claims that the sale should have been made on notice to the public and not merely by communicating with dealers alone. This merely is an element for the consideration of the trier of the facts in determining whether the mortgagee acted in good faith and used reasonable diligence in securing the best price.

(5) Fraud is never presumed, but facts must be alleged and proved showing the existence of same. 19 O. Jur., p. 494, §217, p. 502, §227; Isaac v American Surety Co., 61 Oh Ap 47, 49; Buckeye State Bldg. & L. Co. v Schmidt, 131 Oh St 132, 139.

(6) There is no presumption of negligence either against the plaintiff or defendant, but facts must be alleged and proved showing that there was a failure to exercise that care which a reasonably prudent person is accustomed to use under the same or similar circumstances. 29 O. Jur., p. 625, §149; p. 627, §150; Martin v Heintz, 126 Oh St 227; Norris v Jones, 110 Oh St 598.

(7) Bad faith is a species of fraud. 19 O. Jur., p. 321, §2.

The burden of proving fraud or bad faith rests upon the party alleging fraud, bad faith, or negligence, subject only to the rule prevailing in the case of an inference of contributory negligence arising in plaintiff's pleadings or evidence. 19 O. Jur., p. 507, §232; 29 O. Jur., p. 650, §165.

(8) Where a mortgagee takes possession of an automobile under and by virtue of the provisions of a chattel mortgage, and sells such automobile at private sale, under a power therein given, it is the duty of such mortgagee to use reasonable diligence to obtain a fair price for such automobile. 14 C. J. S., p. 1029, §373; 10 Am. Jur., p. 880, §257; 7 O. Jur., p. 435, §113; Cricker v Associate Investment Co., 56 Oh Ap 136; Clark v Studebaker Corp., 35 Oh Ap, 54; Mutual Finance v Holian, 35 Abs 134; Porter v Toledo Wimsett Finance & Thrift Co., 13 Abs 509; Boettger v Bay City Shovels, 71 Oh Ap 413. The burden of proving that the mortgagee failed to use reasonable diligence in securing a fair price for the automobile, where sale is to a person other than the mortgagee or one in privity with him, and that he, therefore, acted in bad faith, rests upon the mortgagor. This is shown by the authorities mentioned. We are not here required to apply the rule applicable where the mortgagee is the purchaser at his own sale.

(9) The fact that the mortgagee did not secure in such private sale of the automobile its full and fair market value is not conclusive evidence, in itself, that such mortgagee was guilty of bad faith, but is to be taken into consideration by the trier of the facts, with all other evidence in the case, in deter-

mining whether the mortgagee acted in good faith and used reasonable diligence to secure a fair price for such automobile. In 14 C. J. S., p. 1034, §381, it is stated:

"Mere inadequacy of the price will not invalidate the sale, but the mortgagee is liable for the deficiency if he fails to exercise reasonable diligence to sell for the best price obtainable."

See, also: 10 Am. Jur., p. 882, §259.

The appellant advances only three assignments of error— (1) that the judgment is against the weight of the evidence and contrary to law; (2) error in the admission of evidence; (3) other errors apparent on the record. In its brief, however, appellant also claims error in the charge of the court.

An examination of the evidence submitted fails to sustain the claim that the verdict was not sustained by substantial evidence, or that it is against the manifest weight of the evidence.

No serious claim is made upon the second assignment of error, dealing with the admission of evidence, which does not seem to be considered in appellant's brief. No error appears in the Court's ruling upon the evidence prejudicial to appellant. The most serious difficulty arises in the consideration of the charge of the Court, of which appellant complains in its brief.

It is apparent that the appellant could, at small cost for advertising, have submitted the automobile to the pulbic at large, that instead of doing so, he merely called four dealers and took the highest price offered. There is also substantial evidence justifying the conclusion that the automobile was worth more than was paid by one of such dealers. The issue presented, however, was not merely whether the best price was secured, but whether the mortgagee acted in bad faith in his conduct of the sale, which could be shown by evidence indicating it failed to use the care which a reasonably prudent person is accustomed to use under such circumstances, to secure the best price obtainable.

The evidence of a low price is only one factor to be considered in connection with all other evidence indicating a lack of reasonable diligence and bad faith.

The court charged as follows:

"So you see, members of the Jury, that the note and mortgage being admitted, the execution of the note and mort-

gage being admitted, the issue of fact for you to determine in this case is whether or not the plaintiff obtained the full value of this mortgaged automobile. That is the sole issue that you members of the Jury will have to decide, whether the plaintiff, the First Discount Corporation, obtained full value.

"Where a mortgagee, that is the plaintiff in this case, sues to recover a deficiency on a chattel mortgage after having sold the property secured by the mortgage, the sale being made under the authority contained in the mortgage and without judicial sanction, the mortgagor challenging the fairness of such sale, the burden is upon the mortgagee, the plaintiff in this case, to show that he has performed his full duty for the defendant in getting the best price obtainable, and the burden is upon the plaintiff in this case to show that the sale was fairly conducted and that the price obtained was not so inadequate as to raise the presumption of bad faith."

In the first place, the charge was erroneous, to the prejudice of the plaintiff-appellant, in that it limited the issues in the case. The inadequacy of price was not the sole or real issue in the case. The issue was whether the plaintiff mortgagee in conducting the sale of the automobile had used due diligence to secure the fair value of such automobile at the time of sale, or in other words, whether he had acted in good faith in conducting such sale. This issue was raised both in the affirmative defense set up in the answer and in the cross-bill of particulars. This portion of the charge is addressed to the duty as to proof resting upon the plaintiff in sustaining the bill of particulars. The plaintiff's bill of particulars contained a simple cause of action, stating a claim for balance due on a note. If the evidence introduced by the plaintiff or defendant developed the repossession of the automobile, the private sale to the mortgagee itself at a grossly inadequate price, the authorities indicate that a burden would be cast upon the mortgagee to remove an inference of bad faith arising from such facts. The authorities heretofore noted sustain this conclusion. See, also: 7 **O. Jur., p. 436.** But, in the absence of an affirmative defense or cross-bill of particulars charging bad faith or lack of diligence, it not being made to appear that the sale was made to the mortgagee at such grossly inadequate price, the defendant should not be permitted to introduce evidence of lack of diligence. As indicated heretofore, both fraud or bad faith and lack of diligence or care are affirmative charges in the absence of sales to mortgagees and the burden rests upon the one who asserts them

to prove their existence. In 14 C. J. S. p. 1043, as a part of section 390, it is stated:

"x x x but the burden of proving matters in defense, such as fraud in the foreclosure and sale of the mortgaged property by the mortgagee, or the value of the chattels possessed by the mortgagee, is on the mortgagor."

In the instant case the defendant set up an affirmative defense to the bill of particulars, alleging facts indicating the existence of lack of diligence in securing a fair price, raising an inference of bad faith in the conduct of the sale by the mortgagee. In his cross-bill of particulars, seeking the recovery of the excess over his obligation in the note, caused by the difference between the sale price and the fair market value, the defendant again assumes the obligation to prove by the preponderance of the evidence, lack of diligence and bad faith. The charge was also, therefore, prejudically erroneous as to the plaintiff in placing the burden of proving good faith upon it. It is doubtful whether the charge would have been proper even in case of a sale to the mortgagee. The duty of the mortgagee in such case being only to rebut or meet an inference of bad faith arising from a sale to himself at a grossly inadequate price.

The confusion in the mind of the Court and consequent confusion in the minds of the jury is shown by the charge of the court applicable to the duty of the defendant as to burden of proof on his cross-bill of particulars. The latter part of the charge again stating an erroneous rule of law prejudicial to the plaintiff:

"Now, in addition to setting up that defense, the defendant, James B. Daken says that the car in question, he bought this car in question on the 15th day of September 1937 from the Northside Auto Sales, that he made a down payment and gave his personal note in the sum of $849.12 to cover the balance due and also a chattel mortgage. He says, also, that, he further says I should say, that the Northside Auto Sales assigned the mortgage to the First Discount Corporation and that on the 18th of April, 1938, the First Discount Corporation repossessed and took away from the defendant said automobile and sold the same at private sale without notice to this defendant at a price far below the actual market price of said automobile, to-wit, for the sum of $450.00. He says the actual market value of the automobile at the time of the sale

was $800 and that by the lack of good faith in making said sale, and by reason of the plaintiff's disregard for the rights of the defendant herein he has been damaged to the sum of $350 and he prays judgment for $350.00.

"Now, the burden, I should say, of proving those allegations in his cross-bill are upon the defendant to prove by a preponderance of the evidence and as I have stated to you before the burden rests upon the plaintiff in this case to show that they, upon that issue, to show that they acted in good faith and obtained full value of the car."

For error in the general charge, prejudicial to plaintiff-appellant, the judgment of the Court of Common Pleas in affirming the judgment of the Municipal Court of Cincinnati is reversed, and the case remanded through the Court of Common Pleas to the Municipal Court of Cincinnati for a new trial.

ROSS, P. J., HILDEBRANT and MATTHEWS, JJ., concur in the syllabi and opinion.