[Cite as *Kwon v. J.D. Stone Restaurants, Inc.*, 2011-Ohio-4649.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

RAMZI O. KWON, ET AL.

      Plaintiffs-Appellees

-vs-

J. D. STONE RESTAURANT, INC.,
ET AL.

      Defendants-Appellants

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. Patricia A. Delaney, J.

Case No. 10CAE070054

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Delaware County Court of Common Pleas, Case No. 09CVH0336 |
| JUDGMENT: | Affirmed in part; Reversed in part; and Remanded |
| DATE OF JUDGMENT ENTRY: | September 13, 2011 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiffs-Appellees | For Defendants-Appellants |
| ROBERT G. KENNEDY<br>4924-B Reed Rd.<br>Columbus, Ohio 43220 | HILLARD M. ABROMS<br>753 South Front Street<br>Columbus, Ohio 43206 |

*Hoffman, P.J.*

{¶1} Defendants-appellants J.D. Stone Restaurants, Inc. and Anthony Torchia appeal the June 18, 2010 Judgment Entry of the Delaware County Court of Common Pleas granting judgment in favor of Plaintiffs-appellees Ramzi O. Kwon and II Sim Group, LLC.

STATEMENT OF THE FACTS AND CASE

{¶2} This matter arises from litigation in which Appellees Ramzi Kwon and II Sims Group, LLC. ("Kwon") sought return of the purchase price they paid for the purchase of the Hickory House Restaurant North in Powell, Ohio. Appellants J.D. Stone Restaurants and Anthony Torchia deny they owe Appellees any amount of the purchase monies paid.

{¶3} The parties entered into an agreement for the purchase of the Hickory House Restaurant on or around October 13, 2006. At the time, Kwon was represented by realtor Ben Kahng and Appellants were represented by realtor Kim Lewis.

{¶4} During all times pertinent hereto, Appellants were leasing the restaurant premises from Your Financial Community, Inc., the landlord herein ("Landlord"). The lease addendum between Appellants and Landlord contained certain conditions Appellants agreed they would meet should they decide "to sell the business and to sell, assign or transfer this leasehold interest…" The conditions included a requirement certain financial documents be provided to Landlord. Landlord in turn had thirty days to either consent to the transfer and release Appellants from their obligation under the lease; refuse to consent specifying the same in writing; or tender their consent subject

to certain conditions specified in writing. Kwon was not provided with a copy of the lease agreement between Appellant and Landlord.

{¶5} Instead, Realtor Kim Lewis requested the required documentation from Kwon in order to provide the same to Landlord. Kwon testified he provided the documentation to Ms. Lewis telling her he was, at the time, going through a dissolution of marriage and the financial statement represented the total of his and his wife's assets. Kim Lewis did not ask for any further documentation or any updating of Kwon's financial documentation.

{¶6} Landlord informed Kim Lewis via Letter of November 6, 2006, of the need for verified financial documentation and a signed copy of the purchase contract.

{¶7} The petition for dissolution of Kwon's marriage was filed on September 26, 2006 (before the date of the preparation of his financial statement), and finalized on November 21, 2006. After the dissolution, Kwon's assets were reduced by approximately one-half, but he did not provide any supplemental financial information to Appellants or Landlord reflecting change of his financial statement.

{¶8} Kim Lewis provided financial documentation from Kwon's accountant to Landlord on November 20, 2006, and Landlord failed to respond. On January 27, 2007, an attorney for Appellant wrote a letter to Landlord indicating that due to Landlord's failure to respond, the parties were going to move forward with the sale and transfer of the restaurant and transfer of the liquor license.

{¶9} Appellants represented to Kwon they had every right to transfer and assign the lease since Landlord did not respond pursuant to the terms of the lease

agreement.  Kwon independently attempted to negotiate a new lease with Landlord, but his attempts were unsuccessful.

{¶10} On February 28, 2007, Appellants filed a complaint for declaratory judgment in the Delaware County Court of Common Pleas, Case No. 07-CVH-02-249, seeking a declaration by the court Appellants had the right to assign the existing lease to Kwon.

{¶11} On March 14, 2007, the parties executed a Closing Agreement, an Assignment of Lease and a Management Contract.  In the Closing Agreement signed by the parties, they mutually agreed:

{¶12} "…This entire transaction is contingent upon the liquor license for said business being transferred from Seller to Buyer.  If the license cannot be transferred due to Seller's fault, action or inaction, then this entire transaction at the option of the Buyer shall be null and void and all monies and documents paid and signed by the various parties hereto shall be returned to the respective parties from which they came and all parties shall be released from the obligations of the same…"

{¶13}  The Assignment of Lease contained the following language:

{¶14} "…The Assignors do hereby warrant that they have the right to sell, transfer, assign and set over the aforesaid described leases, and the Assignors further covenant with the Assignee, his executors, administrators and assigned, that the assigned premises now are free and clear of any judgments, executions, taxes, assessments and encumbrances whatsoever.  Except:  it is understood the lessor has objected to said assignment, albeit incorrectly.  As a result, correspondence has ensued from both Buyer's and Seller's counsel placing landlord on notice of his default and

waiver of consent to assignment, and the sale is going forward. Additionally, Seller's counsel has filed declaratory judgment action in Delaware Common Pleas Court, which has been served and is pending…"

{¶15} The trial court dismissed Appellants' declaratory judgment action on March 18, 2008, due to Appellants' failure to proceed with the case.

{¶16} On April 18, 2008, Kwon notified Appellants they were exercising their rights under the Closing Agreement to declare the transaction null and void, and demanded return of the purchase monies paid and returned control of the restaurant to Appellants.

{¶17} Appellants demanded a set off of the purchase monies for the losses incurred during Kwon's operation of the restaurant until its eventual sale, and damages in the amount of $373,794.72.

{¶18} The trial court found Appellants' own inaction caused the failure of the assignment of the lease, and ordered Appellants return all monies paid by Kwon upon return of the restaurant. The court further found because the terms of the agreement did not specifically address any losses or costs to Appellants as a result of the failure of the purchase agreement, Appellants' claim for set-off or damages was denied. The trial court further ordered Appellants pay Kwon "the amount of $175,000.00, plus legal interest from the date the restaurant was returned (May 1, 2008), plus costs."

{¶19} Appellants now appeal, assigning as error:

{¶20} "ERROR 1: THE COURT ERRONEOUSLY WENT OUTSIDE THE FOUR CORNERS OF THE CONTRACT WHERE THE LANGUAGE OF THE CONTRACT WAS CLEAR AND UNAMBIGUOUS.

**{¶21}** "ERROR 2:

**{¶22}** A. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THE PLAINTIFF DID NOT INTENTIONALLY MISLEAD THE DEFENDANT OR THE LANDLORD BY CREATING A FALSE IMPRESSION OF HIS FINANCIAL STATUS.

**{¶23}** B. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO FIND DEFENDANT FAILED TO ESTABLISH ANY FRAUD OR MISREPRESENTATION IN THE PREPARATION OR SUBMISSION OF HIS FINANCIAL INFORMATION.

**{¶24}** C. THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT MAKING ANY RULING WHATSOEVER WITH REGARD TO DEFENDANTS' COUNTERCLAIMS, DUE TO PLAINTIFFS FRAUDULENT MISREPRESENTATION OF HIS FINANCIAL STATUS."

**{¶25}** "ERROR 3:  THE COURT ERRED AS A MATTER OF LAW IN IMPROPERLY IMPLYING OF [SIC] EVEN CONSIDERING THE REMEDY OF RESCISSION."

I.

**{¶26}** In the first assignment of error, Appellants cite to Paragraph 3 of the parties' agreement which requires the "Buyer" to "cause the filing of an application for the transfer of the subject liquor license from Seller to Buyer."  The paragraph provides, "If the license cannot be transferred due to Buyer's fault, action or inaction, then the Buyer shall be responsible for finding another Buyer to whom said business and liquor license can be transferred."  Appellants maintain the trial court went outside the four corners of the contract in not finding Kwon's false financial statements were clearly

detrimental to the transfer. Appellants assert it was Kwon's misrepresentation which caused the Landlord to not permit the assignment.

{¶27} The trial court herein found the liquor license could not be transferred due to Appellants' failure to proceed with the declaratory judgment action in the Delaware County Court of Common Pleas. The trial court did not rule upon whether Kwon provided a false financial statement to Landlord.

{¶28} Appellants did not present testimony from their realtor Kim Lewis. Rather, Appellee Kwon testified he told Ms. Lewis he had obtained the financial documents from his accountants, and he told Lewis he was in the process of dissolution, and the records he transmitted were the most recent, but were all before his dissolution of marriage. Ms. Lewis did not ask for updated financial documents. Appellants further did not offer testimony relative to Ms. Lewis' or anyone else asking Appellee for updated, post-dissolution financial documents.

{¶29} We find the trial court did not err in finding the liquor license could not be transferred due to Appellants' failure to proceed in the declaratory judgment action, declaing the lease assignable to Appellees. Further, the original purchase contract and addendum clearly state the contract was contingent upon the successful transfer of the liquor license and business permits.

{¶30} The first assignment of error is overruled.

II.

{¶31} In the second assignment of error, Appellants assert the trial court erred in failing to find Kwon engaged in fraud or misrepresentation in the submission of the financial documents in this matter.

**{¶32}** In *Burr v. Stark County Board of Commissioners* (1986), 23 Ohio St.3d 69, 491 N.E.2d 1101, paragraph two of the syllabus, the Supreme Court of Ohio found the elements of fraud to be as follows:

**{¶33}** "(a) a representation or, where there is a duty to disclose, concealment of a fact,

**{¶34}** "(b) which is material to the transaction at hand,

**{¶35}** "(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,

**{¶36}** "(d) with the intent of misleading another into relying upon it,

**{¶37}** "(e) justifiable reliance upon the representation or concealment, and

**{¶38}** "(f) a resulting injury proximately caused by the reliance. *(Cohen v. Lamko, Inc.* (1984), 10 Ohio St.3d 167, [10 OBR 500], 462 N.E.2d 407, followed.)"

**{¶39}** The elements of fraud must be established by clear and convincing evidence. Clear and convincing evidence is that measure or degree of proof that will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. *Cross v. Ledford* (1954), 161 Ohio St. 469, 120 N.E.2d 118. The burden to prove fraud rests upon the party alleging the fraud. *First Discount Corp. v. Daken* (1944), 75 Ohio App. 33, 60 N.E.2d 711, paragraph seven of the syllabus.

**{¶40}** At the trial herein, Kwon testified:

**{¶41}** "Q. You were - - when you were asked - - when you were signing this, were you asked to provide any information by Ms. Lewis or Mr. Kahng regarding your financial ability?

**{¶42}** "A. No.

**{¶43}** "Q. Did you provide any documents to them to provide to Mr. Costanza?

**{¶44}** "A. I gave Kim Lewis, she said she's gonna give all the information - - all the paperwork and give it to Mr. Costanza.

**{¶45}** "Q. Okay.  Did she tell you what you had to give? To your knowledge, did she tell you or Mr. Kahng what information they needed to give to Mr. Costanza?

**{¶46}** "A. Just financial statement.

**{¶47}** "Q. Okay.

**{¶48}** "A. And - -

**{¶49}** "Q. To your knowledge, did you give her everything that she asked for?

**{¶50}** "A. Yes, I gave her - - I gave to her everything.

**{¶51}** "Q. And to your knowledge, did she then provide that to Mr. Costanza?

**{¶52}** "A. Yes.

**{¶53}** "Q. Okay.  Did she ask you for any additional information?

**{¶54}** "A. No.

**{¶55}** "* * *

**{¶56}** "Q. And you were relying on her to provide whatever documentation to the landlord that was necessary, were you not?

**{¶57}** "A. Yes.

**{¶58}** "* * *

**{¶59}** "Q. Okay.  Now, shortly after that you and your wife's dissolution went through, did it not?

**{¶60}** "A. Yes.

**{¶61}** "Q. Do you remember telling Ms. Lewis that you were going through a dissolution at the time?

**{¶62}** "A. Yes.

**{¶63}** "* * *

**{¶64}** "Q. Okay. And I think you testified that you told Ms. Lewis that you were -- you and your wife were getting a dissolution, too, right?

**{¶65}** "A. Yes.

**{¶66}** "Q. Okay. Did she ever ask you for any updated assets?

**{¶67}** "A. No.

**{¶68}** "Q. Any updated financials?

**{¶69}** "A. No."

**{¶70}** Tr. at 35-40; 53.

**{¶71}** Again, Appellants did not present testimony from their realtor Kim Lewis to rebut any of Kwon's testimony. Appellants' attorney, John Hobday, did testify the landlord was not informed by Ms. Lewis the financial records reflected Kwon's predissolution assets.

**{¶72}** It is for the trial court to hear the evidence and weight the credibility of the witnesses. We find the trial court's finding Kwon did not intentionally mislead Appellants and its failure to find fraud or misrepresentation by Kwon was not erroneous.

**{¶73}** With regard to Appellants' argument the trial court erred in failing to rule on the counterclaims for offset and damages, we find the argument well taken. We do not find Appellants' counterclaim(s) for damages due to Appellee's operation of the business during the time period at issue precluded by the contract between the parties.

Therefore, the trial court erred in summarily dismissing the claims based on the rescission of the contract. Appellant's argument is sustained with regard to the counterclaims for damages to offset the award to Appellees and the matter is remanded to the trial court for further proceedings with respect thereto.

### III.

{¶74} In the third assignment of error, Appellants asserts the trial court erred in granting rescission of the contract herein.

{¶75} Based upon our analysis and disposition of Appellants' first and second assignments of error, we find the trial court did not err in finding the transaction null and void pursuant to the parties' agreement providing the right to rescind the purchase contract. The Closing Agreement cited in the Statement of the Facts and Case, supra, clearly gives Buyer an option to declare the agreement "null and void and all monies and documents paid and signed by the various parties hereto shall be returned to the respective parties from which they came and all parties shall be released from the obligations of the same…."

{¶76} Appellants' third assignment of error is overruled.

{¶77} The June 18, 2010 Judgment Entry of the Delaware County Court of Common Pleas is affirmed, in part, reversed, in part, and remanded for further proceedings in accordance with the law and this opinion.

By: Hoffman, P.J.

Farmer, J.  and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RAMZI O. KWON, ET AL. | : | |
| | : | |
| Plaintiffs-Appellees | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| J D STONE RESTAURANT, INC., ET AL. | : | |
| | : | |
| Defendants-Appellants | : | Case No. 10CAE070054 |

For the reasons stated in our accompanying Opinion, the June 18, 2010 Judgment Entry of the Delaware County Court of Common Pleas is affirmed in part; reversed in part; and the matter is remanded for further proceedings in accordance with the law and our Opinion.  Costs divided equally.

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY