UNIVERSAL C. I. T. CREDIT CORP., APPELLANT, *v.* FRAZIER, APPELLEE.

(No. 3025—Decided May 17, 1963.)

*Mr. Carl J. Benson,* for appellant.
*Mr. Willis J. Grant,* for appellee.

McLAUGHLIN, J.  In this appeal on questions of law, the plaintiff will be referred to as the finance company and the defendant as the debtor.

The debtor bought a used 1954 Chevrolet car.  The finance

company owned a purchase-money note and mortgage in the original amount of $1,170.96 payable in 24 consecutive monthly installments of $48.79 each. Ten such installments were paid totaling $487.90. The debtor defaulted, leaving an admitted balance of $683.06 due. The finance company repossessed the car under the terms of the mortgage. It then gave notice and sold the car at auction under Section 1319.07, Revised Code, to itself at the minimum price of $200 stated in the notice. It then resold the car to a used-car dealer for $250. After deducting $19 for repossession expense, it credited the debtor with $231 on the admitted balance of $683.06. Then it brought suit for a deficiency judgment for the difference, namely, $452.06.

The debtor's answer admits that the $683.06 balance was due at the time of repossession. It then denies that the proper notice had been "served" on the debtor. The answer alleges that the finance company had not used due diligence to obtain a fair price for the car.

The Municipal Court jury returned two general verdicts. The first was a verdict for the finance company for $115, which the trial judge refused to accept, stating that his instructions had not been followed. After further deliberation, the second verdict was returned favoring the debtor and upon which the trial court rendered a judgment which is the subject of this appeal.

The finance company assigns five errors. The first two are:

"First Assignment of Error.

"The court committed error prejudicial to the plaintiff's rights by submitting to the jury the question of compliance by the plaintiff, with the requirements of Ohio Revised Code Section 1319.07 which provides for giving notice of sale to the mortgagor.

"Second Assignment of Error.

"The trial court's charge and instruction to the jury was erroneous and to the prejudice of this plaintiff-appellant in that the court's charge misstated the law and the issues to the jury."

These two assignments are discussed together.

The record shows that the notice of sale, a copy of which was admitted in evidence, was mailed in good time by certified mail, return receipt requested, to the debtor's address as shown

by the mortgage. The return receipt, also admitted in evidence, was returned with the debtor's signature thereon, which signature the debtor himself identified as such. The debtor's admitted answer does not deny the receiving of the notice but states merely that the notice was not "served" upon the debtor. In his testimony he states merely that he does not remember receiving it.

This notice of sale and the evidence show as a matter of law that it was in full and complete compliance, as to contents and manner, with all the requirements of Section 1319.07, Revised Code.

Nevertheless the trial court submitted to the jury as an issue of fact the question as to whether proper notice was given by the plaintiff as required by law. Since the evidence of record establishes as a matter of law that such proper notice was given, this first issue of fact should not have been submitted to the jury.

Likewise the trial court submitted to the jury as an issue of fact the question of whether the notice satisfied the requirements of the statute. Since, in our opinion, the notice did as a matter of law satisfy all the requirements of the statute, such issue should not have been submitted to the jury.

The submission of these two factual issues was error. But in view of our final determination of this appeal, we do not say it was prejudicial.

The charge of the trial court stated as the second issue:

"Was the sale by the plaintiff of the repossessed car openly and fairly conducted, and was the sale price sufficiently adequate to raise no presumption of bad faith on the part of the plaintiff? * * * Since the fairness of the sale has been attacked by the defendant in his admitted answer, the court instructs you also to this second issue that the plaintiff has the burden of proof to show that the sale was openly and fairly conducted and the price was not so inadequate as to raise a presumption of bad faith on the part of the plaintiff."

It is fundamental that bad faith is a species of fraud. The burden of proving fraud or bad faith rests upon the party alleging it. See *First Discount Corp.* v. *Daken*, 75 Ohio App., 33, 37. Hence, to place upon the plaintiff in this case the burden of proving a lack of bad faith was prejudicial error.

Yet with this added burden the finance company met it adequately to such an extent that the evidence shows as a matter of law that even an inference of fraud or bad faith was dispelled. We say this for the following reasons: (1) The finance company out of an overabundance of precaution also mailed an identical notice of sale to the debtor to his address as of the time the car was repossessed. Such was above and beyond the requirements of the statute and is evidence of good faith. (2) The finance company purchased the car at the minimum auction price of $200 stated in the notice, then resold it to a used-car dealer for $250 and then gave the debtor credit, not for the minimum price, but for the resale price less a $19 repossession cost, or a total credit of $231. This is also evidence of good faith. (3) The used-car dealer, after fixing the car at an additional expense of $200, still again resold the car for $550, which was still less than the debtor admitted owing upon it at the time it was repossessed.

Considering the trial court's charge as a whole, it contains such prejudicial errors in misstating the law and misdefining the issues that the first and second assignments of error must be sustained.

The third and fourth assignments of error are:

"Third Assignment of Error

"The trial court erred in refusing to accept the verdict in favor of plaintiff-appellant in the sum of one hundred fifteen dollars ($115) plus six per cent interest.

"Fourth Assignment of Error

"The trial court erred to the prejudice of this plaintiff-appellant, in overruling plaintiff-appellant's motion for judgment notwithstanding the second verdict."

These assignments are also so interlocked as to call for joint treatment. The two forms of verdict, the three special interrogatory questions and the jury's answers thereto are as follows:

"We * * * find upon the issues submitted in this case in favor of the plaintiff in the sum of $115 plus interest, etc."

After a lengthy deliberation, the jury returned this form of verdict with the amount of $115 written in and signed by all 12 jurors. The trial judge refused to accept this verdict, stating that the jury had not followed his instructions, and sent the

jury out to continue its deliberation. Later the jury returned a general verdict for the defendant, which the court accepted. The three special interrogatories and the answers thereto are as follows:

"1. Did the plaintiff, Universal C. I. T. Credit Corp. act in good faith and use every reasonable means at its disposal to obtain the full value of the Frazier car after repossessing? Answer: No.

"2. Did the plaintiff, Universal C. I. T. Credit Corp. make the sale fairly, openly, and in good faith, and obtain the best price obtainable under the circumstances involved? Answer: No.

"3. What was the reasonable market value of the Frazier car on December 17, 1957? Answer: $587.06."

In view of our holding that the trial court's charge erroneously placed the burden of proof as to the fairness of the sale and price upon the finance company, the "no" answers to the first two special interrogatories are not pertinent and can be disregarded. They are superseded by the jury's answer to special interrogatory No. 3, where it fixed the value of the car at the time of repossession at $587.06. This is the maximum amount of credit which the debtor could have been given in any event, and it is still less than the debtor's admitted balance due.

The latter answer shows that the jury in its first verdict did some very accurate calculations. It apparently took the admitted balance owed by the debtor ($683.06) then subtracted the reasonable market value of the car at the time of repossession as found in its answer to special interrogatory No. 3 ($587.06), leaving a balance of $96. It then added the $19 expense of the finance company for repossession, making a total of $115, which is the amount the jury wrote in on the plaintiff's verdict form.

Therefore, based upon the evidence and the finding of fact by the jury that the reasonable market value of the car was $587.06 and the evidence of record that the repossession expenses amounted to $19, we find that, as a matter of law, the finance company was entitled to final judgment in its favor for the sum of $115 as contained in the first verdict of the jury.

When this first verdict was returned, the trial court stated that it was unable to accept the verdict since "it is not in ac-

cordance with the instructions of the court." The court then stated in substance that it had submitted three issues and stated further that, "since the verdict returned by the jury does not coincide with the instructions given by the court, the court must ask you to retire and continue your deliberations until you return a proper verdict."

The third and final issue defined and submitted to the jury was, "If you found in favor of the plaintiff, you are instructed to return a verdict in the amount sued for, which was $452.06." If such was intended to be the instruction of the court, we cannot understand why the amount was not written into the form of verdict favoring the plaintiff, in the form submitted the amount being left blank for the jury to fill in. Such means to us that the court did submit to the jury the question as to amount which the plaintiff should recover.

It is the duty of the trial court to reconcile the general verdict with the answers given to special interrogatory questions. See authorities cited in *Erie Rd. Co.* v. *Standard Oil Co. of Ohio*, 107 Ohio App., 275, 279. Therefore, it is plain that the court should have accepted the first verdict returned favoring the plaintiff, and it was prejudicial error for the court to refuse it.

Likewise, before journalization of the second verdict favoring the defendant, the finance company filed a motion for judgment notwithstanding the second verdict of the jury which favored the debtor. This motion for judgment *non obstante veredicto* should have been sustained. The court, likewise, committed prejudicial error in overruling it. The third and fourth assignments of error are sustained.

As to the fifth assignment of error, which goes to the matter of the court's overruling of the finance company's motion for a new trial, we find it unnecessary for us to rule thereon, in view of our sustaining the first four assignments of error and granting final judgment for the finance company.

It is, therefore, our opinion that the trial court committed prejudicial error as stated in the first four assignments of error, that the trial court should have accepted the first jury verdict returned, and that the finance company is entitled to final judgment in the amount of $115 plus interest at 6% per annum from the date stipulated in the pleading.

Accordingly, the judgment of the Canton Municipal Court is reversed, and final judgment of $115 plus interest, as specified in the jury's first verdict returned, is rendered in favor of the plaintiff.

*Judgment reversed.*

RUTHERFORD, P. J., and VAN NOSTRAN, J., concur.