OPINION *Page 2 
{¶ 1} Defendant-appellant Robert M. Snyder ("Robert") brings this appeal from the judgment of the Court of Common Pleas of Union County, Domestic Relations Division.
 {¶ 2} Robert and plaintiff-appellee Sheila Snyder ("Sheila") were married on September 3, 1972. On September 30, 2004, Sheila filed a complaint for divorce. Robert filed his answer on October 18, 2004. The final hearing was scheduled for February 15, 2005. However, on February 14, 2005, Sheila filed for bankruptcy and the case was stayed pending the discharge from bankruptcy. The bankruptcy proceeding was later dismissed and the final hearing was held on May 16, 2006. On June 27, 2006, the magistrate issued a decision. Sheila filed objections to the decision and on July 13, 2006, the objections were sustained and the matter was remanded to the magistrate for further hearings. The second hearing was held on August 30, 2006. On August 31, 2006, the magistrate issued a new decision. Robert filed objections to this decision on September 11, 2006. On September 25, 2006, the trial court overruled the objections. Then, on October 2, 2006, the trial court entered judgment granting the divorce. Robert appeals from this judgment and raises the following assignments of error. *Page 3 
 The trial court erred in finding a de facto termination of marriage in August of 1999 after the parties had stipulated that "during the marriage" was from September 3, 1972, to May 16, 2006, and the court had accepted that stipulation.
 The trial court erred in ordering [Robert] to pay the sum of $ 95,138.83 after the trial court had accepted a stipulation from the parties that if the court chooses to ignore [Robert's] equitable argument and instead divides these assets and debts, awarding each party their pensions and retirement accounts, and ordering [Sheila] to pay the debts herein stated, that [Robert] would owe to [Sheila] $ 84,952.54.
 The trial court's decision to order [Robert] to pay the sum of $ 95,138.83 was arbitrary, capricious, and against the manifest weight of the evidence.
 {¶ 3} The first assignment of error raises the question whether the trial court must use dates stipulated by the parties as the duration of the marriage. Courts in Ohio have long held that formal stipulations of fact submitted to the court are in the nature of a special verdict by a jury, being the equivalent of proof being made by both parties.Hickey v. Toledo (2001), 143 Ohio App.3d 781, 788, 758 N.E.2d 1228
(citing Ish v. Crane (1862), 13 Ohio St. 574; Garrett v. Hanshue (1895),53 Ohio St. 482, 42 N.E. 256; and Ramsey v. Ernoko, Inc. (1991),74 Ohio App.3d 749, 600 N.E.2d 701). Thus, a stipulation of fact is no different from a jury determination of fact. Id. The result is that once a trial court has accepted a stipulation of fact, it must base its conclusions of law upon those stipulations. Id.
 {¶ 4} Here, the parties entered a stipulation concerning the duration of the marriage. The parties stipulated that the duration of the marriage would be from *Page 4 
September 3, 1972, until May 16, 2006, which was the date of the final hearing. Tr. 14. The trial court acquiesced to the stipulations and the parties proceeded to present evidence on the remaining issues still in dispute. Since the parties stipulated to a date specifically authorized by R.C. 3105.171(A)(2)(a), the trial court must accept that date as the final date of the marriage. This fact does not change merely because the parties had previously divided some of the marital assets. The parties agreed that the marriage terminated on the date of the final hearing and the court, having accepted that stipulation, is bound to use it. Thus, when the parties stipulated to May 16, 2006, the trial court erred in finding that the marriage ended on some unknown day in August 1999. The first assignment of error is sustained.
 {¶ 5} The second and third assignments of error both claim that the trial court erred in ordering Robert to pay Sheila $ 95,138.83 since the parties stipulated that the maximum value of marital assets Robert owed Sheila would be $ 84,952.52. In this case, the parties agreed to all of the values of the assets. The only issue before the trial court was how to fairly divide the assets. This court notes that the trial court arrived at the number $ 95,138.83 by relying upon the valuations from the August 1999 termination of the marriage. However, as discussed above, the correct termination date for the marriage is that stipulated by the parties, May 16, 2006. This means that the trial court's calculations would all *Page 5 
be different. Since the calculations would ultimately change, the second and third assignments of error are moot and will not be decided.
 {¶ 6} The judgment of the Court of Common Pleas of Union County, Domestic Relations Division is reversed and the matter remanded for further proceedings.
Judgment reversed and cause remanded. ROGERS, P.J., and PRESTON, J., concur.
 r *Page 1