## MRS. S. F. KINNAIRD *v.* MRS. NANCY LOWERY.

### [59 South. 843.]

HABEAS CORPUS. *Custody of children. Right of surviving mother.*

On the death of the father, the mother being a suitable person is entitled to the custody of her infant children aged respectively eight and thirteen years, and the fact that she had sent the children to their grandmother to be cared for and that they desired to remain with their grandmother are not controlling facts which the court should take into consideration in determining who is entitled to their care and custody.

APPEAL from the chancery court of Carroll county.
HON. JAMES F. McCOOL, Chancellor.

*Habeas corpus* by Mrs. S. F. Kinnaird against Mrs. Nancy Lowery for the custody of her infant children. From a judgment awarding the children to defendant, plaintiff appeals.

From the testimony it appears that the appellant has been married three times. While living in Birmingham with her second husband, who was the father of these two children, she sent her two little daughters to her mother. The record shows that her then husband was a man of rather profligate habits. Some two years later that husband died, and she soon after became the wife of a Mr. Kinnaird, who seems to be a man of industrious and sober habits.   Soon afterwards she brought this suit for the possession of her two children, setting up that she is willing and able to care for them, and give them a home with her and her present husband, and that her only reason for sending the children to their grandmother was that she and her husband had been separated, and that, even when they lived together, he was not a proper person to have the care of them.

*McClure & Conger,* for appellant.

We would refrain from citing any other case than *Hibbette* v. *Bains,* 78 Miss. 695, were it not for the fact that appellee has attempted to reflect upon appellant's care of the said children (she dared to state her own knowledge) ; and we would refrain from citing the case of *Moore* v. *Christian,* 56 Miss. 408, if appellee had not denied withholding the custody of the children from appellant, their mother. Referring to the *Hibbett case, supra,* we earnestly call the court's attention to that well written and thorough statement of the law by the eminent Judge WHITFIELD in his opinion there.

Another elaborate decision on the right of the parent to the custody of the child is announced in *Weit* v. *Marley,* 99 Mo. 494, 6 L. R. A. 672, which this court has adopted as accurate.

It is the facts of a case which make it. The facts of this case show that any claim on the part of appellee that she is warranted from any standpoint whatever in withholding the custody of these children is utterly foolish and astounding beyond any reasonable conclusion that can be drawn, and contrary to all policies of the law as handed down by the courts. There is not even an exceptional circumstance. We have cited *Hibbette* v. *Bairns,* and now standing upon every principle of that case, as announced, we do not stop, but show others.

"A widowed mother, though poor and dependent, is entitled to the custody of her thirteen-year-old son, notwithstanding he prefers remaining with a kind man of good character and means, to whom his father contracted him." *Moore* v. *Christian, supra.*

There is no element of contract in this case. The mother is not poor, widowed, nor dependent, and not a word against her moral character, and her case is strengthened because the children are little girls and need her care and attention. .

"To harbor a child absconding from his home, and prevent his mother using her parental authority to com-

pel his return, is to withhold the custody of the child from the person entitled to it, notwithstanding the child has permission to leave if he wishes to do so, and he stays from inclination." *Christian case, supra;* and *Maples case,* 49 Miss. 393.

"Nature gives to parents that right to the custody of their children which the law merely recognizes and enforces. It is scarcely less sacred than the right to life and liberty, and can never be denied save through the bad character of the parent, or some exceptional circumstances which render its enforcement inimical to the best interests of the child." *Moore* v. *Christian, supra.*

We would not want the law in such cases any more clearly, than is set out in the above view of it.

"The parental right must give way to the permanent interests of the child, if it be shown that the life or health or morals of the latter will be prejudiced, or his usefulness as a citizen seriously jeopardized by remaining under the parental control."

This court there said that "a court cannot sit in judgment upon the question whether a wealthy stranger can give to the child more worldly advantages than an indigent parent." Can poverty be made a crime?

In the case at bar it is not shown, nor attempted to be shown, that the mother is in any respect an improper person to control and govern her offspring; but on the contrary, she has shown by all of her witnesses that she is abundantly qualified to have the care, custody, control and maintenance of her children.

There is no allegation, not a word of attempted proof, of her poverty and dependent condition. But, now, the court will remember the testimony of witnesses as to her property valuation.

There is no element of contract in this case, though an attempt is made by appellee, which will be discussed later, to show an implied contract on her part to give up the custody of the children to appellee.

The court in the *Maples case,* 49 Miss. 393, refused to return a child living with its grandfather, to its mother, who was shown to be an immoral woman; and the court did right. In the *Maples case* the mother's agent demanded possession of the child, and the court there held that there was no detention. This point is overruled by the *Christian case.*

The infant's wishes cannot control in this case, and we only have to cite in support of it, *Foster* v. *Alston,* 6 How. (Miss.) 406; *Hibbette* v. *Bains,* cited *supra* and *Moore* v. *Christian,* cited *supra.*

Under the circumstances of this case, and in the absence of any objection to the mother, her legal right must prevail. 1 Black Comm. (Chitty's Ed.), page 373, Marg., p. 453, b. 1; 2 Kent's Comm. 194, sec. 29, pt. 4.

"The evidence shows that the childrens' opportunities, her permanent happiness and good were better with the mother than with the grandmother. The mother has done nothing, nor does anything appear in the circumstances of the case, to destroy her right to the custody of these children. *McShan* v. *McShan,* 56 Miss. 413.

"The polestar of this investigation is the best interest of the children." *Glidewell* v. *Morris,* 42 So. (Miss.) 537.

This court always awards the custody of infants to the parent, unless the parent be shown unfit to have them. *Hibbett case, supra* and *Glidwell* v. *Morris, supra.*

Even in the case of *Wallace* v. *Wallace,* 46 So. (Miss.) 398, where the proof showed the mother to be a permanent invalid, with equal chances of dying or living, this court said Chancellor Blout did right in awarding the temporary custody to the mother and affirmed the decree of the chancellor leaving the permanent custody open, to be awarded in the future, on some future application, the permanent custody should then remain undisturbed, and be always in the mother. The court did right. See *Turner* v. *Turner,* 46 So. (Miss.) 413.

The court in considering who is entitled to the custody of infants will be controlled by what is best for the best welfare of the children. *Brown* v. *Robinson,* 9 L. R. A. (N. S.) (S. C.) 1173; *Anderson* v. *Young,* 44 L. R. A. (S. C.) 277; *Stringfellow* v. *Somerville,* 40 L. R. A. (Va.) 623; *Hibbette case, supra.*

"Conceding that the primary object is the interest of the children, the presumption of law is that their interest is to be in the custody of the mother." *Brown* v. *Somerville, supra; Anderson* v. *Young, Ib.; Ex parte Williams,* 11 Rich. L. 459; *Ex parte Schumpert,* 6 Rich. L. 346.

"Her right to the privilege of having her children is greatly strengthened by the fact that the children are girls of very tender years." *Tillman* v. *Tillman,* 26 L. R. A. 781. And the same may be said of the case at bar.

*F. M. Glass,* for appellee.

The pleading and the evidence in this case shows that the mother of the two children in controversy sent the children from her home, near Birmingham, Alabama, to the home of appellee, the mother of appellant and the grandmother of the children, in Carroll county, Mississippi. That, at the time the children were poorly clad and appeared to have had little or no advantages of schools, churches, etc., but according to the evidence of the children, were neglected by their said mother, the appellant. That appellee sent the children to school, cared for them well and provided for them in a kindly manner, as she was able and inclined to do.

That the children remained with appellee for some time when appellant appeared at the home of appellee and demanded of the said children that they return to the home of appellant, near Birmingham. That the children preferred to remain with appellee, and refused to go with appellant, and appellant attempted to force them

to go when appellee intervened and prevented appellant forcing them against their will to return.

The answer of appellee and the testimony of defendant's witnesses show that the children are old enough to choose for themselves, and make a rational choice, which of the two contestants they will live with; that appellee, their grandmother, is able and willing to care for them in the proper manner; that their happiness would best be served by being permitted to make their choice, and that their choice is not against their interests.

I respectfully invite the court's careful attention to the evidence of the children, given on the trial of this cause, which furnishes a solution to the cause of their wanting to remain with appellee, in her pleasant home where good advantages are offered to them, rather than return to their old haunts, near the city of Birmingham, where the light of happiness would be shut out by the "darkness of despair," and the future holds nothing in store for them save privation and a life of labor and ignorance.

The appeals of these children are that they be permitted to remain with their grandmother, the appellee, which I respectfully urge this court to respect, and affirm the decree of the chancellor. See *Cocke* v. *Hannum,* 39 Miss. 423; *Maples* v. *Maples,* 49 Miss. 393, and cases cited; *McShan* v. *McShan,* 56 Miss. 413; *Glidewell* v. *Morris,* 89 Miss. 82, 42 So. 537.

SMITH, C. J., delivered the opinion of the court.

The evidence in this cause is wholly insufficient to show that appellant is not a suitable person to have the care and custody of her own children. It is true that they have expressed a wish to remain with their grandmother; but this is only one of the facts, and by no means a controlling one, which the court should take into consideration in determining who is entitled to their care and custody.

The decree of the court below is reversed, and decree here awarding to appellant the custody of her children.

*Reversed.*