**CROCKER v**
**ASSOCIATE INVESTMENT CO**

Ohio Appeals, 6th Dist, Lucas Co

Decided Dec 23, 1935

C. D. Sutfield, Toledo, for plaintiff in error.

M. Gail Leach, Toledo, for defendant in error.

604

## OPINION

By OVERMYER, J.

The defendant in error, Associate Investment Company, who was plaintiff below, brought an action in the Court of Common Pleas against Augustus Crocker, plaintiff in error, as administrator of the estate of Theodore Crocker, deceased, seeking judgment on a promissory note executed by Theodore Crocker on August 14, 1934, and delivered to Lyman D Arnold, Inc., and by it transferred to the Associate Investment Company. The amount claimed was $302, with interest.

The note had been given by Theodore Crocker for the purchase of an automobile, and the face of the note was $440, to be paid in installments of $27.50 per month. The note was secured by a chattel mortgage on the automobile and was transferred to the Investment Company at the same time the note was transferred. On September 3, 1934, the mortgagor, Theodore Crocker, while driving the automobile in the state of Michigan, had a collision which resulted in his death and damage to the automobile, and the car was placed in a garage in the state of Michigan, and the following day, September 4, 1934, the plaintiff investment company took possession of the car under the chattel mortgage and afterwards sold the same. The note and mortgage were executed in Toledo, Ohio, and the chattel mortgage filed in Lucas County, Ohio.

The defendant in the court below, as administrator of the estate of Theodore Crocker, deceased, filed an amended answer and cross-petition admitting the purchase of the automobile and the transfer of the note and mortgage to the plaintiff below, alleging that $150 had been paid down on the automobile, and the note involved given for the balance due on the car. By way of cross-petition, he alleged, first, that the note referred to in the petition was payable in installments and that no payment was due to the plaintiff at the time the

car was repossessed, and alleged that the plaintiff, without the knowledge or consent of the defendant, converted the car to its own use "to the damage of $400 to the estate of the decedent," and, secondly, refers to the chattel mortgage covering the automobile, "a copy of which is attached to this petition marked Exhibit A, and that there has been no foreclosure on said mortgage and before the first payment was due on the said mortgage the plaintiff converted the car to its own use," and further alleged that "the car was left in a garage in Monroe, Michigan, and that plaintiff took the car and sold it to some one unknown to the defendant and made no accounting to the estate as to the amount acquired nor when the sale was to take place or who bought the car," and prays for damages in the sum of $400.

Demurrers were filed to each cause of action of the cross-petition and the demurrers were sustained by the lower court. No further pleading being filed by the defendant, judgment was entered by the lower court for the plaintiff on the pleadings. This action of the court is assigned as error in this court.

The chattel mortgage in question, a copy of which is attached to the answer, contained the following provisions:

"3. That if default be made in a payment of any installment of said obligation, or if the mortgagee shall feel insecure or fear removal, or if there be a breach of any other covenant hereof, then all installments of said debt shall, at the option of the mortgagee, without notice, become at once due and payable; and the mortgagee shall thereupon have the right to enter any of the premises of said mortgagor with or without force or process of law, and take possession of, remove and sell said property at public auction or private sale, with or without notice, at which sale said mortgagee may become the purchaser, and out of money arising from such sale, said mortgagee may retain all attorney fees, costs, and charges of pursuing, searching for, taking, removing, keeping, storing, advertising and selling such property and the amount unpaid upon said obligation, rendering the overplus arising from such sale to mortgagor.

"4. That the mortgagor admits that the property herein described is as represented by the mortgagee and was in good condition and repair at the time it was received by the mortgagor and covenants to keep it in first class condition at all times at

the expense of the mortgagor and not to part with the possession of the property or remove it from said county, etc.

"5. That all of the terms and conditions of this mortgage shall apply to and be binding upon said mortgagor and the personal representatives, successors and assigns of the mortgagor, and shall inure to the benefit of said mortgagee and the personal representatives, successors and assigns of said mortgagee."

It is admitted that the car in question had been removed not only outside of the county but outside of the state of Ohio, and that it had not been kept in first class condition because of the damage resulting to it from the collision, and that it was placed in a garage in Monroe, Michigan, and that the mortgagor died as a result of the collision. It cannot be disputed that the mortgagee was justified and had full right under the provisions of the mortgage to take possession of the automobile in the circumstances disclosed by the pleadings, and it has been held not necessary for a mortgagee, under a mortgage containing the stipulations contained in the mortgage before us, to show that there was reasonable ground for deeming it necessary to repossess the mortgaged property, it being held sufficient that the mortgagee does feel insecure. **McQuate v Smith, 19 C.C. (N.S.) 146, 32 C.D. 386; Johnson v Nelson, 2 Dec. Rep. 487, 3 W. L. M. 306; 7 Ohio Jurisprudence 339 et seq.**

The same cases, and many others, are authority also for the proposition that the mortgagee need not wait until the debt which the mortgage is given to secure is due, or any installment of it is due, but may, before such note or any part of it is due, repossess the mortgaged property if he feels his security insecure, or fears removal of the property.

The mortgagee in the instant case had a legal right, under the terms of the mortgage, to take possession of the property as it did and to sell it at public or private sale with or without notice, and there being no allegation in the defendant's cross-petition that there was any fraud connected with the sale or that the automobile was sold for a sum less than its then value, the court below was correct in sustaining the demurrers to the cross-petition and thereafter rendering judgment on the pleadings.

The judgment of the lower court will therefore be affirmed.

Judgment affirmed.

LLOYD and CARPENTER, JJ, concur.