ASSOCIATES FINANCIAL SERVICES CORPORATION v. EARL WELBORN,
T/A HILLSIDE POULTRY FARM.

(Filed 1 March, 1967.)

**1. Pleadings § 12—**

Upon demurrer, a complaint will be liberally construed in favor of the pleader, and the demurrer should be overruled unless the pleading is wholly insufficient or fatally defective.

**2. Chattel Mortgages and Conditional Sales § 17—**

Provision in a conditional sales contract for private sale of the chattel after default and repossession, is not contrary to statute or public policy of this State, and is valid; nevertheless, the seller or his assignee must act promptly and in good faith and use every reasonable means to obtain the full value of the property.

**3. Chattel Mortgages and Conditional Sales § 18— Complaint held sufficient to state cause of action for deficiency judgment.**

In this action by the assignee of a conditional sales agreement to recover a deficiency judgment, the complaint alleged that plaintiff repossessed the property under the terms of the agreement and at the request of the purchaser, and deficiency after credit for all payments and set-offs. Plaintiff attached to the complaint the agreement which provided for repossession upon default and for public or private sale, and an account showing the value assigned the property by plaintiff at the time of repossession, with adjustments for gain and loss on the resale of the property. *Held:* The complaint does not admit that plaintiff, upon repossessing the property, exercised dominion as owner, and is sufficient, as against demurrer, to state a cause of action for a deficiency judgment.

APPEAL by plaintiff from *Gambill, J.,* in chambers at WILKES on January 8, 1966. This appeal was docketed in the Supreme Court as Case No. 444 and argued at the Fall Term 1966.

Action under G.S. 45-21.38 to recover a deficiency judgment for the balance due on the purchase price of personal property sold under a conditional sales agreement. Defendant demurred to the complaint, which contains the following allegations:

On January 9, 1963, defendant executed and delivered to Motorola Communications and Electronics, Inc. (Motorola) a conditional sales contract to secure a balance of $12,115.20 due on electronic equipment, described therein, which he had purchased from Motorola. The balance due was payable in monthly installments of $201.92. (A copy of the conditional sales agreement is attached to the complaint as Exhibit A.) Thereafter, on March 27, 1963, for value, Motorola assigned this contract to plaintiff. On April 24, 1964, plaintiff repossessed the equipment *under the terms of said conditional sales contract and at the express request of defendant.* The contract provided, *inter alia,* that if defendant defaulted in the payment of any installment, Motorola might declare the entire

balance due, retake the equipment, and sell it *at public or private sale* without demand for performance and without notice to the public or defendant. If the proceeds of the sale were insufficient to pay the cost of retaking and selling the property and to satisfy the debt due Motorola, it might recover the deficiency from defendant.

At the time of the retaking, plaintiff assigned a value of $5,000.00 to the equipment covered by the conditional sales agreement.

On March 22, 1965, plaintiff stated defendant's account as follows:

| | |
|---|---|
| Original Contract Price | $13,135.88 |
| Less: Down Payment | 1,020.68 |
| | $12,115.20 |
| Payments Received | 2,221.12 |
| | $ 9,894.08 |
| Unearned Income | 1,679.85 |
| | $ 8,214.23 |
| Retaken Equipment | 5,000.00 |
| | $ 3,214.23 |
| Plus: Retaking Costs | 104.72 |
| NET CONTRACT DEFICIENCY | $ 3,318.95 |
| Plus: Loss on Resale of Retaken Equipment | 394.42 |
| | $ 3,713.37 |
| Less: Gain on Resale of Retaken Equipment | 150.88 |
| ADJUSTED CONTRACT DEFICIENCY | $ 3,562.49 |

(This account was attached to the complaint as Exhibit B.)

Plaintiff prayed judgment in the amount of $3,562.49 with interest thereon from April 24, 1964, until paid.

Defendant demurred to the complaint on the ground that plaintiff had failed to allege (1) that defendant, at the time plaintiff repossessed the equipment, had defaulted in the payment of any sum due under the contract; (2) the manner in which plaintiff had disposed of the repossessed equipment; and (3) that plaintiff and its assignor had complied with the terms of the conditional sales contract. Judge Gambill sustained the demurrer and dismissed the action. Plaintiff appeals.

*Fairley, Hamrick, Hamilton & Monteith by Laurence A. Cobb for plaintiff.*

*McElwee & Hall for defendant.*

SHARP, J. In order to recover a deficiency judgment under a conditional sales contract as authorized by G.S. 45-21.38, plaintiff must allege and prove facts showing (1) that defendant executed and delivered to him or his assignor the contract upon which he sues; (2) that defendant is in default under the terms of the contract; (3) lawful repossession and sale of the property or facts establishing the impossibility of such repossession and sale; (4) the application of the proceeds of the sale; and (5) the amount of the deficiency.

In assaying a demurrer, the rule is that the pleader must be given "every reasonable intendment in his favor" and that a complaint will be upheld "unless the pleading is wholly insufficient or fatally defective." 3 Strong, N. C. Index, Pleadings § 12 (1960). Thus assessed, plaintiff's allegations that it repossessed the equipment under the terms of the conditional sales contract, and at defendant's request, coupled with the allegation that defendant owes a balance of $3,562.49 under the contract, justify an inference that defendant had defaulted in his payments at the time plaintiff repossessed the property, or that there had been an anticipatory breach of contract by defendant. Defendant contends, notwithstanding, that plaintiff has failed to allege that it advertised and sold the repossessed equipment as provided by G.S. 45-21.16 *et seq.;* that, on the contrary, Exhibit B shows that plaintiff took possession of the property, treated it as its own, assigned an arbitrary value to it, and credited defendant with that amount. Upon this premise, defendant argues that this case is controlled by *Cooperative Exchange v. Holder,* 263 N.C. 494, 139 S.E. 2d 726, and that the court's order sustaining the demurrer and dismissing the action should be upheld.

In *Cooperative Exchange v. Holder, supra,* defendant voluntarily released to the plaintiff the tractor upon which he had executed a conditional sales agreement to secure the balance of the purchase price. In the event of a default, the contract authorized the plaintiff to sell the tractor *only* at public auction. The plaintiff, after repossessing it, kept and used the tractor as its own for nearly a year before selling it at a private sale. Thereafter, it sued for a deficiency judgment. The trial court nonsuited the case and, upon appeal, this Court affirmed its judgment under the rule that where the mortgagee "assumes to deal with the estate as its absolute owner, and conveys it to another, it proves a merger." *Id.* at 496, 139 S.E. 2d 728.

The allegations in the complaint in suit, standing alone, are not sufficient to establish that plaintiff dealt with the equipment as its absolute owner. Exhibit B, a statement of its account against defendant as of March 22, 1965, is not *prima facie* an admission that plaintiff had exercised absolute ownership over the property. On the

contrary, it seems to indicate that at the time of repossession, for bookkeeping purposes, plaintiff gave the property a value of $5,000.00, a figure to be adjusted up or down when the property was finally sold. Exhibit B shows two such "adjusting entries" upon resales of the property. Presumably these sales were private sales; there is no suggestion that they were public. The conditional sales contract, however, authorized plaintiff to sell the equipment at either public or private sale upon defendant's default.

The Uniform Commercial Code, which becomes effective in this State on July 1, 1967, specifically authorizes the disposition of collateral by either public or private proceedings. G.S. 25-9-504. As defendant points out, Article 2-A, Chapter 45 of the General Statutes, which governs the sale in suit, makes no mention of a private sale of property under a conditional sales contract. Neither, however, does it declare void the parties' stipulation that upon the debtor-vendee's default, the creditor-vendor may sell the property at private sale. "In the absence of any statute to the contrary, a power of sale in a chattel mortgage may provide for either a private or public sale of the mortgaged chattel. . . ." 15 Am. Jur. 2d, Chattel Mortgages § 219 (1964). A chattel mortgagee or his assignee authorized to sell at a private sale may not sell at any price he pleases. He must act promptly, in good faith, and use every reasonable means to obtain the full value of the property. If he fails to do so, the mortgagor is entitled to credit for the deficiency. *Id.* § 223. "Of course, where the mortgage so stipulates, the sale must be a public one, unless the mortgagor subsequently waives the requirement. On the other hand, unless such agreement is violative of statute or public policy, or is fraudulent as to third persons, where authorized by the mortgagor, the property may be sold at private sale. . . ." 14 C.J.S., Chattel Mortgages § 376 (1939). *Accord, Finance Corporation v. Smith,* 42 Wyo. 380, 295 Pac. 273, 73 A.L.R. 851; *Harbour-Longmire Co. v. Reid,* 124 Okla. 77, 254 Pac. 29; *Campbell v. Eastern Seed & Grain Co.,* 109 S.W. 2d 997 (Tex. Civ. App., 1937); *Crocker v. Associate Investment Co.,* 56 Ohio App. 136, 10 N.E. 2d 153; *Ashley & Rumelin v. Lance,* 88 Ore. 109, 171 Pac. 561; *Reynolds v. Thomas,* 28 Kan. 810. See Annot., Conditional Sale—Resale, 49 A.L.R. 2d 15 at 54 (1956).

A stipulation in a conditional sales agreement that, upon the vendee's default, the holder may sell the property described therein at private sale violates no statute or public policy of this State: The statement in the North Carolina Comment to the Uniform Commercial Code appended to G.S. 25-9-504. (Vol. 1D of the General Statutes of North Carolina at page 591) that "under prior law . . .

a public sale had to be held," is not correct, and the authorities cited do not sustain this assertion.

After applying our rules of construction, we are constrained to hold that plaintiff has stated a cause of action for a deficiency judgment which withstands defendant's demurrer. Concededly, plaintiff has made a minimal statement, and we note that Exhibit B omits the date of the sales referred to therein. Defendant's present remedy, however, is a motion under G.S. 1-153 that plaintiff be required to make its complaint more definite and certain, or under G.S. 1-150 for a bill of particulars.

When the facts are all disclosed, by pleadings or evidence, they may defeat plaintiff's action, but plaintiff has not yet alleged or proved itself "out of court." The judgment of the court below is

Reversed.