[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 365 
This is an appeal by Commercial Credit Equipment Corp. from a judgment of the Circuit Court of Smith County dismissing its suit against appellees, Hollis Kilgore, L.B. Rutland, and J.J. Alexander. We reverse and remand.
Appellant asserts that this is a simple suit for the recovery of a deficiency judgment. The trial court stated in its opinion sustaining defendants' motion for a directed verdict that this case had a unique history. We agree that it has a unique history and we might add that in some of its facets it is probably without precedent. It might well be designated as the case of the "ill-fated, one row cotton picker."
Appellee, J.J. Alexander, was engaged in the business of selling farm equipment in the Town of Taylorsville under the trade name of Taylorsville Equipment Company. He handled International Harvester products on a trust receipt plan or what is commonly referred to as a floor plan financing agreement. On October 15, 1965, he sold a cotton picker and the tractor upon which it was mounted to Hollis Kilgore on a purchase agreement which is usually termed a conditional sales contract. The contract executed by Kilgore showed a balance due of $6,368.30 payable in three annual installments with the first payment of $2,342.90, due on October 15, 1966.
Alexander had an agreement with appellant whereby appellant would purchase from time to time conditional sales contracts for the sale of equipment. Under the terms of this agreement Alexander was required to repurchase a certain number of contracts each year if demanded by the appellant. Alexander offered the contract executed by Kilgore to appellant but it refused to purchase it without additional security. It was later offered to appellant and at that time it was purported to have been signed by appellee Rutland as co-purchaser. Appellant then purchased the contract from Alexander.
In August 1966 International Harvester apparently became dissatisfied with its arrangement with Alexander and it had its agent pick up the equipment which had been furnished to Alexander under the trust agreement. Evidently Alexander had not paid International for the cotton picker and tractor purchased by Kilgore and Rutland and its agent took possession of this equipment and carried it to Jasper County. Kilgore filed a replevin suit in Jasper County seeking to recover possession of the property. International executed a bond and retained possession of the equipment. On September 16, 1966, prior to the date that the first payment was due on the cotton picker, appellant, instead of asserting its claim in the replevin suit already pending in Jasper County, began an unprecedented second replevin suit for the same property by filing an affidavit in replevin in the same court in Jasper County. It sought to recover possession of the cotton picker from International. Having made bond to retain possession of the equipment, International did not execute another bond and appellant executed a bond in double the amount it valued the equipment which was the amount due under the conditional sales contract. After appellant obtained possession of the equipment, it had Alexander return it to his place of business in Taylorsville. On learning that Alexander was using the equipment to harvest cotton, appellant had its agent take possession of the equipment and store it on an open lot at Knight Tractor Company where it remained until October 18, 1967, at which time *Page 366 
appellant bought it at what it contends was a private sale for $1,500.
Prior to the sale and at the time appellant had possession of the equipment, it filed suit against Kilgore and Rutland seeking a judgment against them for the balance due on the sales contract. It later amended its declaration and made Alexander a party to the suit and sought judgment against him on the repurchase agreement. A joint answer to the amended declaration was filed by all three defendants. No point was made relative to this procedure. While the suit was pending, the Circuit Court of Jasper County entered a judgment in the replevin suit awarding appellant possession of the equipment. Appellant then had a sale of the property under the contract and filed a second amended declaration wherein it gave the defendants credit for the amount of the equipment bought at the sale, less expenses, which included an attorney's fee of over $700 which it had expended in the replevin suit. Kilgore and Rutland filed separate answers to the amended declaration raising many defenses including unfair dealing with their equitable interest in the sale of the equipment. Rutland also denied that he executed the contract. Alexander filed no answer to the amended declaration, and was not represented by counsel in the trial of the case.
A trial was had and at the conclusion of appellant's case a motion was made by the defendants for a directed verdict and it was sustained. A judgment was entered dismissing the suit. Appellant assigned many errors on the part of the trial court, but the principal one is its action in sustaining the motion for a directed verdict. We think this was error. The trial court was required, as we are, in considering this motion to take as true all the evidence favorable to the appellant together with all reasonable inferences that may be drawn therefrom. The proof shows that appellant bought the contract sued on in the regular course of business and that it paid value for it. It also proved that it sold the equipment at a private sale as it was authorized to do, and that it bought it for $1,500, there being no other bidders. Appellant proved that it had the equipment appraised by a qualified impartial appraiser prior to the sale, and he placed a value of $1,500 to $2,000 on the equipment. It also introduced evidence that it had written letters to the equipment dealers prior to the sale seeking to find a purchaser for the equipment. The proof also showed that it notified the defendants and their attorneys by letter dated two days prior to the sale that it was going to sell the equipment at a private sale. It also caused its agent to post handwritten notices at two places in Smith County and at the courthouse in Jasper County that the sale was to be had. Alexander was called as an adverse witness and he admitted that he sold the contract to appellant for value and he testified that he saw Rutland sign the contract.
The trial judge held that according to the contract appellant had the right to sell the equipment at a private or public sale and that they elected to sell it at a public sale, and in so doing did not comply with the requirements relative to public sale. We do not think the evidence, when considered in the light most favorable to the appellant, justified this finding. The fact that it did post notices giving the time and place of the sale and stating that the property would be sold at auction was not sufficient when considered with the other evidence to justify this finding.
The trial court also held that the price for which appellant purchased the property at the sale was absolutely so inadequate that it amounted to fraud. We do not think that when the evidence is considered in the light most favorable to appellant that such a finding was justified. When appellant took possession of the property under the conditional sales contract it owed Kilgore and Rutland, the conditional purchasers, the duty to deal fairly with their equitable rights in the property, and when it elected to sell the property at *Page 367 
private sale, it owed them the duty of dealing justly with their rights and to use due diligence to obtain the best price obtainable for the property. However, it was a question for the jury to determine whether appellant had so dealt and, if it had not, the extent of the damage resulting from such failure. Platt Lincoln-Mercury, Inc. v. Swink, 236 Miss. 407, 110 So.2d 374
(1959); Dearborn Motors Credit Corp. v. Hinton, 221 Miss. 643,74 So.2d 739 (1954).
There is another error assigned that merits discussion and that is the refusal of the trial court to allow appellant to call appellee, Hollis Kilgore, as an adverse witness. The trial court was of the opinion that since the rule excluding witnesses was invoked, that appellant was required to call the party-defendant as an adverse witness prior to introducing other witnesses. Evidently, the court based its ruling on the principle that when the rule is invoked, a party to the action must testify first before calling other witnesses in his behalf or leave the courtroom while other witnesses testify. Even before a party to the litigation can be kept from testifying, he must be given the alternative of testifying first or leaving the courtroom. Wilson v. Peacock, 111 Miss. 116, 71 So. 296 (1916). However, this rule has nothing to do with the plaintiff calling a defendant as an adverse witness. A defendant has the right to remain in the courtroom during the entire time that the plaintiff introduces his testimony and plaintiff has no right to have him excluded. Section 1710, Mississippi Code 1942 Annotated, (1956), gives a party to a suit desiring to examine any opposite party in open court the right to have such party subpoenaed as a witness in order to assure his presence at the trial. It also states, "* * * and examine him in the presence of the court during the progress of the trial, and shall be at liberty to contradict the testimony of such party as he might do with an adverse witness * * *." When a party defendant is present in the courtroom, the plaintiff may call him as an adverse witness at any time during the presentation of his case. When the rule has been invoked it is usually to the plaintiff's advantage to call a defendant before offering his proof, but if he does not do so, he may call him at any time he sees fit. It is to a defendant's advantage to hear the testimony of the plaintiff before being called to testify as an adverse witness. See Wagley v. Colonial Baking Co.,208 Miss. 815, 45 So.2d 717 (1950).
Appellant also complains of the action of the trial court in allowing the appellees Kilgore and Rutland four separate peremptory challenges of the jurors. The record does not reflect whether they exercised these challenges or not. Appellant attempts to show by an affidavit attached as an appendix to his brief that they did. We have had occasion several times recently to point out that we will not go outside the record to find facts and will not consider any statement of facts attempted to be supplied by counsel in briefs. For this reason we cannot say that the trial court was in error. Section 1525, Mississippi Code 1942 Annotated (1956) gives each party the right to four peremptory challenges of jurors. We have construed this section to mean that when the interests of two parties are identical, they are to be considered as one party. Mississippi Central R.R. Co. v. Aultman,173 Miss. 622, 160 So. 737 (1935); Sugg. of error overruled, May 20, 1935.
There are several other errors assigned, but we do not deem it necessary to discuss them since they are either without merit or will not likely recur on a retrial of this case. Neither do we pass on any questions not specifically raised on this appeal.
For the reasons stated, this case is reversed and remanded.
Reversed and remanded.
ETHRIDGE, C.J., and RODGERS, JONES and BRADY, JJ., concur. *Page 368