**CALIFORNIA AIRMOTIVE CORPORATION, Plaintiff-Appellee,**

v.

**C. W. JONES et al., etc., Defendants-Appellants.**

**No. 19228.**

United States Court of Appeals
Sixth Circuit.
Sept. 12, 1969.

---

J. Daniel Kilcoyne, Dayton, Ohio (Sharts, Singer & Brown, by Robert M. Brown, Dayton, Ohio, on the brief), for appellants.

Jacob A. Myers, Dayton, Ohio (Kusworm & Myers, by Jacob A. Myers, Dayton, Ohio, on the brief), for appellee.

Before PHILLIPS, CELEBREZZE and PECK, Circuit Judges.

CELEBREZZE, Circuit Judge.

This is an appeal from the granting of a summary judgment in the District Court. The original action was commenced by Appellee to recover the balance due upon a conditional sales contract for a Douglas DC7–B Model aircraft.

Appellee filed a motion for summary judgment after presenting affidavits and exhibits to show that Appellants had defaulted on their payments under the sales contract and voluntarily returned the aircraft. The aircraft was then resold at public sale. When Appellants failed to establish with particularity the disputed factual questions which would preclude the granting of a summary judgment, the District Court set the matter for hearing, to afford Appellants the opportunity to " * * * set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). It was the opinion of the District Court that the Appellants failed to show after the hearing, "by affidavits or otherwise," that there existed any genuine issue of fact for trial. Therefore, summary judgment was granted.

On appeal the conscionability of the sales contract and the commercial reasonableness of the resale of the aircraft are questioned. In disposing of the matter before us, we limit our consideration to those facts and circumstances concerning whether the resale of the aircraft was conducted in a commercially reasonable manner. 23A West Anno.California Code § 2706, 23C West Anno.California Code § 9507, 13 Ohio Revised Code § 1302.80, § 1309.50; see 23C West Anno. California Code § 9102(2), 13 Ohio Revised Code § 1309.02(B), Old Colony Trust Co. v. Penrose Industries Corp., 280 F.Supp. 698, 714, 715 (D.C.Pa.1968), aff'd 398 F.2d 310 (3rd Cir. 1968).

The parties entered into a conditional sales contract on September 22, 1966 for one Douglas DC7–B Model aircraft at a purchase price of $100,000 payable in specified installments. After purchasing the aircraft, Appellants refurbished the interior at an alleged cost of $15,000 and made certain improvements on the plane's navigational equipment. The Appellants paid $30,000 on the conditional sales contract prior to their defaulting on subsequent payments. In response to Appellee's demand, as of right under the sales contract, Appellants voluntarily turned over possession of the aircraft to the Appellee on August 22, 1967.

On November 6, 1967 the aircraft was resold at the law offices of Kusworm & Myers in Dayton, Ohio. In preparation for this resale an ad was placed in the October 3, 1967 issue of the publication "Trade-a-Plane", but neither the correct date nor location of the proposed sale was given. The record indicates that approximately fifteen parties were informed of the rescheduled sale, but their notice did not contain the correct location nor state there would be a minimum price. The Appellants received notice of the rescheduled sale on October 25 and 26, 1967. They were informed of the correct time, date, and location of the sale and that a minimum price of $30,000 would be accepted. This figure was set by Appellee without the benefit of an independent appraisal. See Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944),

Commercial Credit Corporation v. Kilgore, 221 So.2d 363, 366 (Miss.1969).

The record reveals there were at least two bids at the resale, one of $22,000 by the Emerald Shillelagh Chowder and Marching Society of Washington, D. C. and the $31,000 bid by the purchaser, Mobile Aircraft, Inc. of Mobile, Alabama.

Appellants allege that the resale of the aircraft was not conducted in a commercially reasonable manner and therefore the market or current value was not received. See Associates Financial Services Corp. v. Welborn, 269 N.C. 563, 153 S.E.2d 7 (1967), Elster's Sales v. El Bodrero Hotel, Inc., et al., 250 Cal.App.2d 258, 58 Cal.Rptr. 492 (1967). They allege that the value of the aircraft could not have depreciated $69,000 in eleven months, when in fact (1) $15,000 had been spent on refurbishing the interior, (2) there were instrumentation improvements and (3) the aircraft had only been flown 85 hours during their possession.

Appellee admits that at the time of the original private sale to Appellants in 1966 the aircraft had a wholesale value of $40,000 and that the resale conducted in 1967 was of a wholesale nature. From the record it is not clear whether the price received at the resale was either wholesale or retail. We are not certain that if the $31,000 private resale price was a wholesale price that it would, as a matter of law, constitute a commercially reasonable disposal of the aircraft since the obligation was created by a retail sale. See 1 Bender's U.C.C. Service § 8.04[2] [a] [i] at 881.

■ While we recognize that Uniform Commercial Code § 9-507(1) relieves the Appellee from selling the aircraft at the highest possible price, the sale must be conducted in a commercially reasonable manner. Commercial Credit Corporation v. Kilgore, 221 So.2d 363 (Miss.1969), Associates Financial Service Corp. v.

Welborn, 269 N.C. 563, 153 S.E.2d 7, 9 (1967), Elster's Sales v. El Bodrero Hotel, Inc., et al., 250 Cal.App.2d 258, 58 Cal.Rptr. 492 (1967), 13 Ohio Revised Code § 1302.80. 23A West Anno.California Code § 2706. In considering the evidence presented by both parties in a light most favorable to Appellants, Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425, 427 (6th Cir. 1962) we are confronted with a triable factual issue pertaining to whether the current or market price of the aircraft was realized. The evidence presented by Appellee pertaining to the resale price, although it may be admissible, is self-serving. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 626, 627, 64 S.Ct. 724, 88 L.Ed. 967 (1944), Old Colony Trust Company v. Penrose Industries Corp., 280 F.Supp. 698, 713 (E.D.Pa.1968), aff'd 398 F.2d 310 (3rd Cir. 1968), see Commercial Credit Corporation v. Kilgore, 221 So.2d 363, 366 (Miss.1969).

■ The District Court was presented with a genuine issue of material fact relating to the commercial reasonableness of the resale which should not have been disposed of by summary judgment. We cannot say from the undeveloped record that the resale was conducted in a commercially reasonable manner. The facts and circumstances surrounding the resale should be developed in the District Court. Rogers v. Peabody Coal Company, 342 F.2d 749, 751 (6th Cir. 1965), Steiner v. Wertheimer, 250 F.2d 574 (6th Cir. 1957), Fort Knox National Bank v. Gustafson, 385 S.W.2d 196 (Ky.1964).

This Court is of the opinion that Appellants did " * * * set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

The judgment is vacated and the cause is remanded to the District Court for disposition consistent with this opinion.