284 So.2d 528 (1973)
ALLIED EQUIPMENT, INC.
v.
Claude Ray PEE.
No. 47254.
Supreme Court of Mississippi.
October 29, 1973.
H. Lanier B. Foote, B.R. Hardin, Jackson, Hillery Eugene Horne, Jr., Centreville, for appellant.
Crawley & Ford, David E. Crawley, Jr., Kosciusko, for appellee.
INZER, Justice:
This is an appeal by Allied Equipment, Inc. from a judgment of the Circuit Court of Attala County denying it recovery for the balance alleged to be due under security instrument executed by the appellee, Claude Ray Pee. We reverse and remand.
On December 1, 1970, appellee executed and delivered to appellant a security instrument (conditional sales contract) for the balance of the purchase price of a HD-11 Allis Chalmers crawler tractor. The instrument signed by appellee called for the payment of $35,545.68 to be paid in thirty-six monthly installments of $987.38 with the first payment being due on January 5, 1971. After appellee used the tractor for a short time in Attala County, he moved it with the permission of appellant to Texas to use on a job he had obtained in that state. Appellee made one payment on the tractor, and it was two months late. In April 1971, at the time appellee was three months delinquent in his payments, *529 he agreed that the tractor could be picked up by Allied and carried to Houston, Texas, where it would be stored for fifteen days. It was also agreed that if at the end of fifteen days the delinquent payments had not been made current, the machine was to be returned to Allied in Jackson. The payments were not made and Allied had the machine moved from Houston to its place of business in Jackson. Allied then posted notices of a public sale of the machine and notified appellee that a public sale would be made on May 28, 1971. No outside bidders appeared at the sale and Allied bought the tractor on a bid of $17,500, that being the appraisal price made by its own serviceman. Allied then brought suit seeking to recover a deficiency judgment from appellee in the amount of $14,776.23, this being the amount Allied claimed was due after giving appellee credit for the proceeds of the sale, refund on unearned interest, refund on insurance premium, plus $625, cost of repossession and transportation of the machine to Jackson and a fifteen percent attorney's fee.
Appellee, in defense of the suit, contended that he had an agreement with Allied at the time he bought the HD-11 that he could use the machine for six weeks and that if he did not like it he could return it and get back a D-5 tractor he had traded in on the machine. He testified that before the end of the six week period, Allied sold the D-5 tractor and he had no choice but to keep the HD-11. However, he admitted that at that time he decided to keep the HD-11 and he did keep it and use it until it was repossessed.
Appellee also contended that at the time he traded in his D-5 tractor it had a winch on it that belonged to his brother and it was agreed by Allied that it would trade the winch on the HD-11 for the one on the D-5. The winch was covered by the security instrument and was on the HD-11 when Allied repossessed and sold the machine. Appellee contended that the winch was worth $2,500. Appellee also contended that the amount of $625 which Allied charged for repossessing and transporting the HD-11 to Jackson was unreasonable and a reasonable cost should not exceed $300.
The only testimony offered by the appellee relative to the fair market value of the HD-11 at the time of the sale was his own testimony. He testified at the time of the sale the HD-11 was worth $25,000.
At the conclusion of the testimony Allied requested a peremptory instruction directing the jury to find for the plaintiff, leaving to the jury the amount of the recovery. This instruction was refused. The issues were submitted to the jury and it returned a verdict in favor of appellee and a judgment was entered accordingly.
The principal error assigned on appeal is the refusal of the trial court to grant the requested peremptory instruction. After review of the record in this case, we are of the opinion that the appellant was entitled to the requested instruction. Appellee admits that appellant properly established the indebtedness but contends that the jury was justified in finding appellant guilty of fraud in pricing the HD-11 at the repossession sale. The only evidence relative to the fair market value of the machine at the time of the sale was the testimony of appellant's employees and appellee. The appellee testified that based on the price he paid for the machine at the time he purchased it, it should have been worth at least $25,000 when it was sold at public sale. Taking his testimony in its strongest light, we do not think that the purchase price paid by Allied at the repossession sale was so inadequate as to amount to fraud. Commercial Credit Equipment Corp. v. Kilgore, 221 So.2d 363 (Miss. 1969).
The error of the trial court in refusing to grant appellant's requested peremptory instruction was prejudicial and constituted reversible error. For this reason this case must be reversed and remanded. On a retrial of this case, the only issue for determination by the jury is the question of the *530 amount of the deficiency. It should be pointed out that this case is governed by the provisions of the Uniform Commercial Code and the principal question to be determined is whether the repossession sale was commercially reasonable. Section 41A:9-504(3), Mississippi Code 1942 Annotated (Supp. 1966), requires that every aspect of the disposition including the method, manner, time, place and terms of the sale must be commercially reasonable. However, Section 41A:9-507(2) [Laws of 1966, Chapter 316 § 9-507] states:
(2) The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. If the secured party either sells the collateral in the usual manner in any recognized market therefor or if he sells at the price current in such market at the time of his sale or if he has otherwise sold in conformity with reasonable commercial practices among dealers in the type of property sold he has sold in a commercially reasonable manner. The principles stated in the two (2) preceding sentences with respect to sales also apply as may be appropriate to other types of disposition. A disposition which has been approved in any judicial proceeding or by any bona fide creditors' committee or representative of creditors shall conclusively be deemed to be commercially reasonable, but this sentence does not indicate that any such approval must be obtained in any case nor does it indicate that any disposition not so approved is not commercially reasonable.
For the reasons stated, this cause is reversed and remanded.
Reversed and remanded.
GILLESPIE, C.J., and PATTERSON, SUGG and WALKER, JJ., concur.