421 So.2d 1234 (1982)
Denise Mary Segrest ROSS
v.
David H. SEGREST.
No. 53482.
Supreme Court of Mississippi.
November 17, 1982.
*1235 Thomas, Price, Alston, Jones & Davis, John H. Price, Jr., Mary C. Henkel, Jackson, for appellant.
Minor F. Buchanan, Jackson, for appellee.
Before SUGG, P.J., and ROY NOBLE LEE and DAN M. LEE, JJ.
ROY NOBLE LEE, Justice, for the Court:
David H. Segrest filed a petition in the Chancery Court of Claiborne County, Honorable Frank W. Walden, presiding, to obtain child support for John Christopher Segrest from Denise M. Segrest Ross, his former wife. Mrs. Ross filed a cross-petition, seeking additional visitation rights with said child (12-year-old) and attorney's fees. The lower court ordered Mrs. Ross to pay unto Mr. Segrest two hundred dollars ($200.00) per month for the support of John Christopher Segrest, declined to modify the custody decree, but defined visitation rights of Mrs. Ross with the child, and required the respective parties to pay their own attorney's fees. Mrs. Ross appeals and assigns the following errors in the trial below:
(1) The chancery court erred in declining to grant more extensive visitation rights between appellant and John Christopher Segrest.
(2) The chancery court erred in ordering appellant to pay child support.
(3) The chancery court erred in permitting appellee to call appellant as an adverse witness and then remain in the courtroom to hear her testimony.
(4) The lower court erred in denying appellant counsel fees and in taxing costs against her.
Segrest was granted a divorce in the Chancery Court of Claiborne County from appellant, July 23, 1980, on the ground of adultery, and he was awarded custody of John Christopher Segrest, who was born May 26, 1970. Another child, Rebecca Elizabeth Segrest, was born of the marriage, but was not mentioned in that decree. We assume that at said time she was in custody of the appellant in the State of Texas. Appellant married Dr. Scott K. Ross in August, 1980, and they reside in Garland, Texas.
On January 6, 1981, a trial was held in the State of Texas for the purpose of fixing custody, visitation rights and support for Rebecca Elizabeth Segrest,[1] and her father, David Segrest, was appointed her Managing Conservator and appellant was appointed Possessory Conservator of said child with certain specific visitation rights. Appellant was ordered to pay three hundred dollars ($300.00) per month for the support of that child.
Subsequently, in February, 1981, Segrest filed the petition in the Chancery Court of Claiborne County seeking support for John Christopher Segrest on the ground that appellant's husband, Dr. Scott K. Ross, is a practicing physician in Rockwall, Texas, and makes an income of six thousand dollars ($6,000) to nine thousand dollars ($9,000) per month, and that, since Texas is a community property state, half of all such income received by appellant's husband is considered to be the income and property of appellant and is subject to a claim for child support.

I.
Did the chancery court err in declining to grant more extensive visitation rights between appellant and John Christopher Segrest?
The record reflects that there had been previous difficulty between the parties over custody and visitation rights between appellant and Christopher. He testified in the absence of his parents and the chancellor had the opportunity to observe the child's demeanor and personally hear what he said. The child expressed a fear to leave the State of Mississippi with his mother and stated that he preferred not to leave until he attained the age of fifteen (15) years or above, when he could protect himself. There was shown to be animosity between the child and Dr. Ross.
*1236 The chancellor granted appellant visitation rights with the child one weekend per month, to be exercised in the Segrest home, along with other visitation periods during holidays. No rights were granted for the child to visit appellant in Texas. While we are mindful that a court is not bound by the wishes of a child as to visitation rights with a parent, we are unable to say that the chancellor was manifestly wrong from the entire record in the fixing of visitation rights. Gladney v. Hopkins, 233 Miss. 342, 102 So.2d 181 (1958); Latham v. Latham, 233 Miss. 263, 78 So.2d 147 (1955); Kinnaird v. Lowery, 102 Miss. 557, 59 So. 843 (1912).

II.
Did the chancery court err in ordering the appellant to pay child support?
The appellant testified that, although she assisted Dr. Ross in his office at times, she was paid no salary and that she had no income. The record is absent any proof that she had a monthly or yearly income, and the appellee bases his claim for support on the community property law of the State of Texas. Appellant does own a one-half (1/2) interest in the home of the parties in Port Gibson, Mississippi, and owns certain items of personal property which the court ordered delivered unto her.
Texas Family Code Annotated § 5.22 (Vernon 1975) provides the following:
§ 5.22. Community Property: General Rules

(a) During marriage, each spouse has the sole management, control, and disposition of the community property that he or she would have owned if single, including but not limited to:

(1) personal earnings;

(2) revenue from separate property;
(3) recoveries from personal injuries; and
(4) the increase and mutations of, and the revenue from, all property subject to his or her sole management, control, and disposition.
(b) If community property subject to the sole management, control, and disposition of one spouse is mixed or combined with community property subject to the sole management, control, and disposition of the other spouse, then the mixed or combined community property is subject to the joint management, control, and disposition of the spouses, unless the spouses provide otherwise by power of attorney in writing or other agreement.
(c) Except as provided in Subsection (a) of this section, the community property is subject to the joint management, control, and disposition of the husband and wife, unless the spouses provide otherwise by power of attorney in writing or other agreement. (Emphasis added).
Texas Family Code Annotated § 5.61 (Vernon 1975) states the areas of marital property liability:
§ 5.61. Rules of Marital Property Liability

(a) A spouse's separate property is not subject to liabilities of the other spouse unless both spouses are liable by other rules of law.
(b) Unless both spouses are liable by other rules of law, the community property subject to a spouse's sole management, control, and disposition is not subject to:

(1) any liabilities that the other spouse incurred before marriage; or
(2) any nontortious liabilities that the other spouse incurs during marriage.

(c) The community property subject to a spouse's sole or joint management, control, and disposition is subject to the liabilities incurred by him or her before or during the marriage.
(d) All the community property is subject to tortious liability of either spouse incurred during marriage. (Emphasis added)
Segrest argues that, although appellant testified she was not paid income for assisting in her husband's office, she should be considered as having earned income by reason of her presence there and that such earnings were co-mingled with earnings of her husband.
*1237 We have not been cited a Texas case deciding this particular question. Of course, Mississippi is not a community property state, and we must look to the Texas statutes and decisions for guidance. In our view, the Texas statutes exempt the personal earnings and income of Dr. Ross, although community property, from claims for support of appellant's child by a former marriage. Therefore, we are of the opinion that the lower court erred in requiring appellant to pay $200.00 per month support for John Christopher Segrest.[2]

III.
Did the chancery court err in permitting appellee to call appellant as an adverse witness and then remain in the courtroom to hear her testimony?
When the cause came on for trial, the sequestration rule was invoked and Segrest proceeded to present his case. He called the appellant as an adverse witness. The chancellor ruled that Segrest could remain in the courtroom, hear the testimony of appellant, and then be permitted to testify. Appellant contends that the chancellor erred in following such procedure and that Segrest should have testified first, or should have been removed from the courtroom while appellant was testifying.
Rule 3.04, Uniform Chancery Court Rules, follows:
Where the rule is invoked on the trial of any cause, the interested parties or their representatives who may be excused therefrom must testify before any other witness is offered in his or their behalf or must retire from the courtroom during the examination of his or their witnesses. In case there be several complainants or defendants, the rule shall apply to them while their cocomplainants or codefendants are testifying unless their interest is antagonistic. A party shall no longer be under the rule after he has testified.
Griffith's Mississippi Chancery Practice, § 562, at 584-585 (2d Ed. 1950) states:
The witnesses are thereupon called and are sworn, and if "the rule be invoked," they are sent into ante-rooms out of the hearing of the case,[37] except, of course, a party to a suit although a witness cannot be excluded, the extent of the rule as to parties being only that they are required to testify first before calling any other witness on their respective sides.[38]
[Footnote 37 omitted].
[38] A party to a suit may not be excluded during the taking of testimony, but he may be required to testify first among his witnesses and declining to do so he may then be excluded. French v. Sale, 63 Miss. 386; Smith v. Team, 16 So. (Miss.) 492; Bernheim v. Dibrell, 66 Miss. 199, 5 So. 693; Kline v. Hazzlerigg, 21 So. (Miss.) 11; Wilson v. Peacock, 111 Miss. 116, 71 So. 296... .
See Commercial Credit Equipment Corp. v. Kilgore, 221 So.2d 363, 367 (Miss. 1969) and Holcomb v. City of Clarksdale, 217 Miss. 892, 65 So.2d 281 (1953).
We are of the opinion that a correct interpretation of the rule, which lawyers and judges with trial experience have followed through the years requires that the plaintiff or complainant, when the rule is invoked, must either testify first or remove himself from the courtroom in order to testify later. This covers and applies to adverse witnesses. A defendant is permitted to remain in the courtroom and hear all witnesses for the plaintiff/complainant, but he must testify first at the beginning of his defense or remove himself from the courtroom while his witnesses testify. This does not apply in a criminal case where the defendant may listen to all witnesses for the prosecution and himself and then testify as the last witness.
We think that the lower court committed error in declining to exclude Segrest from the courtroom while appellant was testifying, but we have carefully reviewed *1238 the evidence and are of the opinion that the error was harmless.[3]

IV.
Did the lower court err in denying appellant counsel fees and in taxing costs against her?
The record indicates that appellant had a sizeable amount of personal property and owned a one-half interest in the home of the parties. In fact, she had pledged a certain piece of jewelry for her attorney's fees. We are of the opinion that the lower court did not err in denying attorney's fees to either party. This conclusion effectively disposes of the cross-appeal for attorney's fees by Segrest.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
PATTERSON, C.J., SUGG and WALKER, P.J., and BROOM, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.
NOTES
[1] The child was two and one-half (2 1/2) years old at that time.
[2] Under the January 6, 1981, Texas decree, appellant is paying appellee $300.00 per month for the support of Rebecca Elizabeth Segrest.
[3] We recognize that the trial court, in the exercise of its sound discretion, may permit a witness to testify, notwithstanding the rule, where no prejudice results.